LAWRENCE J. KING (CSB #120805)
6 "C" STREET
PETALUMA, CA 94952
PHONE: (707) 769-9791
FAX:    (707) 769-9253

ATTORNEY FOR PLAINTIFF
VAN A. PENA, PHD., M.D.

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

Case No. **C 00 4009 CRB** ADR

| | |
|---|---|
| VAN A. PENA, PHD., M.D., | CASE NO. |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF U.S.C. § 1983 AND THE CALIFORNIA CONSTITUTION |
| v. | AND |
| TIMOTHY MEEKER, PATRICIA REES, HAL PETERSON, JENNIFER WEAR, DENISE SHELDON, AND THE CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES, | DEMAND FOR A JURY TRIAL |
| Defendants. | |

PLAINTIFF VAN A. PENA, PHD., M.D., hereby files suit, demands a jury trial, and alleges as follows:

### JURISDICTION

1. Plaintiff brings this suit pursuant to 28 U.S.C. sections 133, 1343 & 1367 and 42 U.S.C. sections 1983, *et. seq*.

1

PLAINTIFF'S COMPLAINT AND JURY DEMAND

## PARTIES, VENUE AND INTRADISTRICT ASSIGNMENT

2. Plaintiff is, and was at all times relevant herein, a resident of Sonoma County, California and an employee of the California Department of Developmental Services ("CDDS") at its Sonoma Developmental Center ('SDC"), located in Sonoma County, California.

3. The CDDS is an agency of The State of California, which operates five developmental centers for the severely handicapped throughout the state, including the SDC in Sonoma County, California.

4. Timothy Meeker is the acting Executive Director of the SDC and is sued in both his individual and official capacities. Mr. Meeker is sued in his individual capacity for the steps he personally has taken to interfere with, and retaliate against Plaintiff for, his exercise of his right to speak out about matters of public importance and to oppose what he believes in good faith to be illegal activities. Mr. Meeker is sued in his official capacity as a person against whom the injunction that Plaintiff seeks by this suit may run.

5. Defendant Patricia Rees was the Clinical Director of the SDC. Ms. Rees is sued in her individual capacity for the steps she personally has taken to interfere with, and retaliate against Plaintiff for, his exercise of his right to speak out about matters of public importance and to oppose what he believes in good faith to be illegal activities.

6. Defendant Hal Peterson is a physician at SDC and at all times relevant herein was the president of the Medical Staff. Dr. Peterson is sued in both his individual and official capacities. He is sued in his individual capacity for the steps he personally has taken to interfere with, and retaliate against Plaintiff for, his exercise of his right to speak out about matters of public importance and to oppose what he believes in good faith to be illegal activities. He is sued in his official capacity as a person against whom the injunction that Plaintiff seeks by this suit may run.

7. Defendant Jennifer Wear was a physician at SDC. She is sued in her individual capacity for the steps she personally has taken to interfere with, and retaliate against Plaintiff for, his exercise of his right to speak out about matters of public importance and to oppose what he believes in good faith to be illegal activities.

8.  Defendant Denise Sheldon is a CDDS Special Investigator and is sued in both her individual and official capacities. Ms. Sheldon is sued in her individual capacity for the steps she has personally taken to interfere with, and retaliate against Plaintiff for, his exercise of his right to speak out about matters of public importance and to oppose what he believes in good faith to be illegal activities. Ms. Sheldon is sued in her official capacity as a person against whom the injunction that Plaintiff seeks by this suit may run.

9.  Some or all of the acts about which Plaintiff complains occurred in Sonoma County, California.

10. Sonoma County, California is located in the Northern District of California and cases arising therein are assigned either to the San Francisco or Oakland divisions, pursuant to L.R. 3-2(d).

## FACTS COMMON TO ALL CLAIMS

11. At all times relevant herein, Plaintiff was a physician employed by CDDS at the SDC.

12. In the course of performing his duties, plaintiff observed what he believed to be instances of patient abuse by SDC staff and incidents of gross negligence by certain SDC physicians.[1] The physical abuse of patients by SDC staff included the possible rape of a female patient and the physical beating of a number of other patients by certain SDC members. The gross negligence of certain SDC physicians resulted in at least one patient losing his eye sight. Plaintiff reported these incidents of patient abuse and gross negligence to the appropriate CDDS and SDC officials. In response to Plaintiff's reports of patient abuse and gross negligence, the SDC administration did not investigate and take appropriate corrective action, but instead placed Plaintiff on administrative leave, fired him from one of his two SDC positions, and has created a hostile work environment for Plaintiff in an attempt to force him to quit his other SDC position.

\\

---

[1] The majority of SDC staff and physicians are competent and caring professionals and by these allegations against certain SDC staff and physicians, Plaintiff does not intend to imply that the rest of SDC staff and physicians are guilty of the same egregious conduct.

3
PLAINTIFF'S COMPLAINT AND JURY DEMAND

## FIRST CAUSE OF ACTION:
## RETALIATION FOR OPPOSING ILLEGAL ACTIVITIES
## AND SPEAKING OUT ABOUT MATTERS OF PUBLIC IMPORTANCE.

13. Plaintiff incorporates herein the allegations set forth above.

14. The Civil Rights Act of 1864, 42 U.S.C.A. section 1983, as amended ("Section 1983"), prohibits the denial, under color of state law, of the rights, privileges or immunities secured by the Constitution and Laws of the United States. Defendants' conduct, as set forth above, violated Section 1983's prohibition against denying Plaintiff his right to oppose and speak out about Defendants' illegal activities.

15. As a result of Defendants' violations of Section 1983, Plaintiff has, and will continue to, suffer damages, including, but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to his health and to his personal and professional reputations.

## SECOND CAUSE OF ACTION:
## VIOLATION OF PLAINTIFF'S CALIFORNIA CONSTITUTIONAL
## AND STATUTORY RIGHT TO OPPOSE ILLEGAL ACTIVITIES
## AND TO SPEAK OUT ON MATTERS OF PUBLIC IMPORTANCE.

16. Plaintiff incorporates herein the allegations set forth above.

17. The California Constitution, Article 1, section 1 guarantees Plaintiff the right to oppose illegal activities and to speak out on matters of public importance. Defendants' conduct, as set forth above, violated Plaintiff's California constitutional right to oppose and speak out about Defendants' illegal activities.

18. As a result of Defendants' illegal conduct, Plaintiff has, and will continue to, suffer damages, including, but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to his health and to his personal and professional reputations.

\\

\\

# THIRD CAUSE OF ACTION:
## VIOLATION OF THE CALIFORNIA LABOR CODE §1102.5
## (PROHIBITING RETALIATION AGAINST PUBLIC EMPLOYEES WHO REPORT STATUTORY VIOLATIONS)

19. Section 1102.5 of the California Labor Code prohibits retaliation against public employees who report what they believe in good faith to be statutory violations.

20. Defendants' conduct, as set forth above, violated Section 1102.5 of the California Labor Code.

21. As a result of Defendants' violations of Section 1102.5 of the California Labor Code, Plaintiff has, and will continue to, suffer damages, including, but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to his health and to his personal and professional reputations.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff prays for judgment against Defendants, individually and severally, granting the following relief:

a. A declaration of his right to work in an environment free from discrimination and retaliation;

b. An injunction requiring the named individual defendant officials of the California Department of Developmental Services to institute appropriate policies and procedures to insure the timely investigation and remedy of discrimination, harassment, retaliation claims, and claims of illegal activities;

c. Compensatory damages, including but not limited to, lost wages and benefits, loss of peace of mind and enjoyment of life, damage to his health and reputation, emotional distress, and other specific and general damages in an amount proven at trial;

d. Exemplary and punitive damages in an amount to be proven at trial;

e. Attorney's fees and costs;

f. Prejudgment and post judgment interest;

g. Any other relief to which Plaintiff may be entitled upon proof at trial that the Court

deems just and proper.

Dated: October 30, 2000
          LAW OFFICES OF LAWRENCE J. KING

By: _____
Lawrence J. King
ATTORNEY FOR PLAINTIFF
VAN A. PENA, PHD., M.D.