1  LAWRENCE J. KING State Bar No. 120805
   6 "C" Street
2  Petaluma, CA 94952
   Telephone:    (707) 769-9791
3  Facsimile:    (707) 769-9253

4  Attorney for Plaintiff
   VAN A. PENA, PHD., M.D.
5

6            THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
   VAN A. PENA, PHD., M.D.,              § CASE NO. C 00-4009 CW
9                                        §
                                         § PLAINTIFF'S PROPOSED RESPONSE
10           Plaintiff,                   § TO JURY QUESTIONS (11/24/09, 2:12
                                         § PM)
11 v.                                    §
                                         § Trial Date:          November 16, 2009
12                                       §
   TIMOTHY MEEKER, et al.,               § Pretrial Conference: October 29, 2009
13                                       § Time:                10:00 a.m.
                                         § Courtroom:           2
14           Defendants.                  §
                                         § The Honorable Claudia Wilken
15

16     In response to the questions posed by the jury on November 24, 2009 at 2:12 p.m.. Plaintiff

17 proposes the following responses. In support thereof, the Plaintiff would show the Court the

18 following:

19     1.    The parties met and conferred concerning the questions posed by the jury, but could

20 not agree upon a joint proposal as to what response should be given.

21     2.    Plaintiff proposes the following responses in the order of Plaintiff's preference,

22 subject to approval of the Court.

23

24 OPTION NO. 1:

25 No.

26

27 COMMENT: Plaintiff's recommends this response as the clearest and least confusing. However,

28

should the Court conclude that further explanation is necessary, Plaintiff provides the Court with two additional responses.

OPTION NO. 2

　　Not necessarily. What you are being asked to decide is whether Dr. Bjorndal fired Dr. Pena for the reasons that she gave at the time she fired him or whether her true motivation was to retaliate against Dr. Pena for engaging in conduct protected by the First Amendment, i.e. photographing patients or filing a previous lawsuit.  If you conclude that that Dr. Pena has proven that it is more likely than not that some or all of the reasons Dr. Bjorndal gave for Dr. Pena's termination are false or pretextual, you may, but are not required, to conclude that Dr. Bjorndal's true motivation was retaliation for Dr.Pena's protected activity.

COMMENT:  This second option is based directly upon the jury instructions previously given to the jury and *Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003), which expressly states that there are "three ways in which a plaintiff can show that retaliation was a substantial or motivating factor behind a defendant's adverse employment actions. […] **Third, the plaintiff can introduce evidence that his employer's proffered explanations for the adverse employment action were false and pre-textual.**"  The *Coszalter* court went on to explain that one falsely asserted reason can "casts doubt on other explanations that, standing alone, might appear to be true." *Id* at 978.

OPTION NO. 3

　　Not necessarily. What you are being asked to decide is whether Dr. Bjorndal fired Dr. Pena for the reasons that she gave at the time she fired him or whether her true motivation was to retaliate against Dr. Pena for engaging in conduct protected by the First Amendment, i.e. photographing patients or filing a previous lawsuit.  If you conclude that that Dr. Pena has proven that it is more likely than not that some or all of the reasons Dr. Bjorndal gave for Dr. Pena's termination are false or pretextual, you may, but are not required, to conclude that Dr. Bjorndal's true motivation was

**PLAINTIFF'S PROPOSED RESPONSE TO JURY QUESTIONS** (11/24/09, 2:12 PM)

1  retaliation for Dr. Pena's protected activity. If you conclude that Dr. Pena's protected activity was
2  a substantial or motivating factor for his termination, Dr. Bjorndal may avoid liability only if you
3  conclude that she has proven that it is more likely than not that she had a non-retaliatory reason to
4  fire Dr. Pena and that she would have fired him for that non-retaliatory reason, despite his protected
5  activity.

7  COMMENT: Plaintiff originally included the final sentence referencing Defendant's affirmative
8  defense out of a sense of fairness and completeness, but opposing counsel objected to its inclusion.

10 **AUTHORITY FOR OPTIONS NO 1 & 2:**
11  There are "three ways in which a plaintiff can show that retaliation was a substantial or
12 motivating factor behind a defendant's adverse employment actions. […] **Third, the plaintiff can**
13 **introduce evidence that his employer's proffered explanations for the adverse employment**
14 **action were false and pre-textual.**" *Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir.
15 2003)(emphasis added).
16  Moreover, "A reasonable fact finder could also find that a pretextual explanation such as this
17 one casts doubt on other explanations that, standing alone, might appear to be true." *Coszalter,*
18 *supra*, 320 F.3d at 978.

20 **RESPECTFULLY SUBMITTED,**

22 **Dated: November 29, 2009**          **LAW OFFICES OF LAWRENCE J. KING**

23                                          **By:** _____/s/_____
                                              **LAWRENCE J. KING**
24                                            **Attorney for Plaintiff**
                                              **Van A. Pena, M.D., Ph.D.**