Lawrence J. King, State Bar No. 120805
Law Offices of Lawrence J. King
6 C Street
Petaluma, CA 94952
707/769-9791
Email: kingesq@pacbell.net

Barbara Giuffre, State Bar No. 158180
Law Offices of Barbara Giuffre
351 California Street, Suite 700
San Francisco, CA 94104
415/981-9114
Email: barbara@igc.org

*Attorneys for Plaintiff*
*Van A. Pena, Ph.D., M.D.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (OAKLAND DIVISION)

| | |
|---|---|
| **VAN A. PENA,**<br><br>Plaintiff,<br><br>v.<br><br>**TIMOTHY MEEKER, et al.,**<br><br>Defendant. | Case No. C 00-04009 CW<br><br>**PLAINTIFF'S RESPONSE TO JURY QUESTION REGARDING DR. BJORNDAL'S REPORTING OF DR. PENA'S TERMINATION TO DATABANK**<br><br>Courtroom: 2<br>Honorable Claudia Wilken, U.S. District Judge<br>Trial Date: November 16, 2009 |

Plaintiff Van A. Pena, PhD, MD, respectfully submits this response to the jury's question regarding Defendant Judith Bjorndal's reporting of Dr. Pena's termination to the databank:

Dr. Bjorndal was required to report Dr. Pena's termination. However, there was no evidence that she was not required to report it twice.

As I have previously instructed you, it is up to you to decide whether Dr. Bjorndal fired Dr. Pena for the reasons she reported to the National Databank or whether her true motivation was to retaliate against Dr. Pena for engaging in conduct protected by the First Amendment.

1

If you conclude that that Dr. Pena has proven that it is more likely than not that some or all of the reasons Dr. Bjorndal reported to the data bank for Dr. Pena's termination are false or pretextual, you may, but are not required, to conclude that Dr. Bjorndal's true motivation was retaliation for Dr. Pena's protected activity.[1]

Dated: December 3, 2009        LAW OFFICES OF LAWRENCE J. KING

　　　　　　　　　　　　　　　LAW OFFICES OF BARBARA GIUFFRE


By:__/s/_____

*Attorneys for Van A. Pena, PhD, M.D.*

---

[1] There are "three ways in which a plaintiff can show that retaliation was a substantial or motivating factor behind a defendant's adverse employment actions. […] **Third, the plaintiff can introduce evidence that his employer's proffered explanations for the adverse employment action were false and pre-textual.**" *Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003)(emphasis added). Moreover, "A reasonable fact finder could also find that a pretextual explanation such as this one casts doubt on other explanations that, standing alone, might appear to be true." *Coszalter,* 320 F.3d at 978.