IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VAN PENA,

    Plaintiff,

v.

TIMOTHY MEEKER, et al.,

    Defendant.

_____/

No. CV 00-4009 CW

ORDER ON MOTIONS IN LIMINE
(Docket Nos. 327, 328, 337)

As discussed at the pretrial conference, the Court issues the following rulings on the parties' motions in limine:

PLAINTIFF'S MOTIONS IN LIMINE

1. Exclude evidence or reference to Plaintiff's employment with the Solano County Jail or his lawsuit against the County of Solano.

GRANTED, except that Defendant may ask questions about contemporaneous stressors, including that employment.

2. Exclude evidence or reference to the near death experience of Gary Gathman's father or any other individual, including their experience having CPR administered on them.

GRANTED.

3. Exclude evidence or reference to Plaintiff's employment with Sonoma County Indian Health Clinic or the termination of that employment, until after the jury reaches a verdict on liability.

DENIED. The trial will not be bifurcated.

4. Exclude evidence or reference to Molin Malicay's testimony concerning the reasons that Plaintiff's employment at the Indian Health Clinic was terminated.

DENIED.

5. Exclude evidence or reference to the possibility that the Sonoma Developmental Center (SDC) may close or that a verdict in this case could impact funds available for patient care at SDC.

GRANTED as unopposed.

## DEFENDANT'S MOTIONS IN LIMINE

1. Exclude evidence of Plaintiff's "unprotected speech" undertaken pursuant to his official duties as a physician at SDC.

GRANTED IN PART AND DENIED IN PART. The February 21, 2001 memo is not allowed as an example of protected speech but may be used for other legitimate purposes. Plaintiff's photographs of patients, complaint to Police Chief Contreras and Report to the Department of Health Service will be admitted. The jury will decide whether these are protected speech.

2. Exclude argument of retaliation based on Plaintiff's protected speech without establishing that Defendant knew of the speech, specifically communications to the California Legislature and Sonoma Index.

GRANTED.

3. Exclude evidence of Plaintiff's original lawsuit.

DENIED.

4. Circumscribe information relayed to the jury about Plaintiff's original lawsuit and about settlements or settlement offers made in lawsuit.

GRANTED. The jury will be instructed that the prior lawsuit, its defendants and its outcome are not before this jury. The facts underlying the prior lawsuit will be admitted if relevant.

2

5. Exclude facts related to Elizabeth R. that Defendant did not know about.

GRANTED, in the absence of foundation that Plaintiff or Defendant knew such facts.

6. Exclude evidence bearing on the comparative merits of DNR status versus resuscitation for Elizabeth R. and evidence of Elizabeth's care and fate after March 3, 2001.

DENIED.  The jury will be instructed on these issues as it was the last trial.

7. Exclude testimony of Plaintiff's bioethics expert, Dr. Gary Johanson, that "SDC misevaluated the bioethical considerations that should have guided the deliberations regarding a DNR Order for Elizabeth," "the wisdom or fairness of the resuscitation status of Elizabeth" or "the wisdom [or] fairness of the termination decision."

GRANTED as unopposed.

8. Exclude a finding letter from the California Medical Board that stated that "[o]ur expert reviewer did not find a departure from the standard of care in this matter."

DENIED.

9. Exclude evidence challenging the adequacy of "informed consent" communications between Elizabeth R. and her doctors about CPR and DNR orders.

DENIED.

10. Exclude evidence that Defendant reported Plaintiff's termination to the Medical Board of California and the National Practitioner Data Bank.

DENIED.

11. Exclude evidence or argument that there were errors in Investigator Nancy Irving's report.

GRANTED as unopposed.

12. Exclude evidence that Dr. Jenkins and Dr. Russell concurred that a DNR Order was appropriate for one George C. and the Bioethics Committee's response.

DENIED.

13. Exclude as hearsay testimony from Chief Edward Contreras about out-of-court statements made by Timothy Meeker or Patricia Reese.

DENIED.

14. Prohibit Plaintiff's counsel from "vouching" for plaintiff.

GRANTED as unopposed. Neither party's counsel may vouch for any witness.

15. Prohibit Plaintiff from appealing to prejudice against people belonging to a "bureaucracy."

DENIED.

16. Exclude evidence of events at the SDC subsequent to Plaintiff's employment there.

GRANTED.

   This order terminates Docket Nos. 327, 328, 337.

IT IS SO ORDERED.

Dated: 9/9/2013

CLAUDIA WILKEN
United States District Judge